## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OLGA DEMYANENKO-TODD, : 
Individually and on Behalf of All : 
Others Similarly Situated, : 
                             : 
        **Plaintiffs,** :    **NO. 17-CV-00772**
                             : 
      **v.** :    **JUDGE MARIANI**
                             : 
NAVIENT CORPORATION, :    **ELECTRONICALLY FILED**
NAVIENT SOLUTIONS, INC. and : 
NAVIENT SOLUTIONS, LLC, : 
                             : 
      **Defendants.** : 

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

---

Daniel T. Brier
Donna A. Walsh
Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Attorneys for Defendants,
Navient Corporation, Navient
Solutions, Inc. and Navient Solutions,
LLC

# TABLE OF CONTENTS

INTRODUCTION ........................................................................ 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ........................... 2

ARGUMENT ............................................................................. 6

  I.    Count I Fails To State a Claim for Breach of Contract .......................... 7

  II.    The State Law Claims in Counts II-VI Are Preempted by the HEA ...... 10

  III.    Plaintiffs Fail To State Any Claim for Relief Under State Law ............. 13

      A. Count II fails to state a claim under the Delaware Consumer
          Fraud Act ("DCFA") ......................................................... 13

      B. Count III fails to state a claim under New York General Business
          Law § 349 ("NY GBL § 349") ............................................. 16

      C. Count IV fails to state a claim under the California Consumers
          Legal Remedies Act ("CLRA") ........................................... 19

      D. Count V fails to state a claim for relief under the California Unfair
          Competition Law ("UCL") .................................................. 21

      E. Count VI fails to state a claim for relief under the Florida
          Deceptive & Unfair Trade Practices Act ("FDUTPA") ............ 24

  IV.    ED Is a Necessary and Indispensable Party ..................................... 26

  V.    Navient Solutions, Inc. Is Not a Proper Party ................................... 29

  VI.    Navient Corporation Is Not a Proper Party ...................................... 29

      CONCLUSION ...................................................................... 32

# TABLE OF AUTHORITIES

## CASES

*18 KT.TV, LLC v. Entest Biomedical, Inc.*, No. 3:11-CV-244, 2011 WL 5374515 (M.D. Pa. Nov. 7, 2011) ........................................................ 31

*AAA Life Ins. Co. v. Kneavel*, No. 1:10-CV-00158, 2012 WL 895953 (M.D. Pa. Mar. 15, 2012) ................................................................. 28

*ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855 (3d Cir. 1994) ........................................... 20

*Alborzian v. JPMorgan Chase Bank, N.A.*, 235 Cal. App. 4th 29, 185 Cal. Rptr. 3d 84 (2015) ........................................................................... 19

*In Re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070 (N.D. Cal. 2011) ........................................................................... 21

*Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306 (C.D. Cal. 2013)........................................................................................... 24

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ....... 6, 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ......................................................................... 1, 6, 7

*Benjamin v. Citimortgage, Inc.*, No. 12-62291, 2013 WL 1891284 (S.D. Fla. May 6, 2013).................................................................... 25

*Blake v. Seterus, Inc.*, No. 16-21225, 2017 WL 543223 (S.D. Fla. Feb. 9, 2017) .............................................................................................. 25

*Blank v. Kirwan*, 39 Cal. 3d 311, 216 Cal. Rptr. 718, 703 P.2d 58 (1985) ............ 22

*Broder v. Cablevision Sys. Corp.*, 418 F.3d 187 (2d Cir. 2005) ............................ 18

*Byars v. SCME Mortg. Bankers, Inc.*, 109 Cal. App. 4th 1134, 135 Cal. Rptr. 2d 796 (2003) ........................................................................... 22

*Cal-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 973 P.2d 527, 83 Cal. Rptr. 2d 548 (1999) ......................................................... 22

*Chae v. SLM Corp.*, 593 F.3d 936 (9th Cir. 2010), *cert. denied*, 562 U.S. 961, 131 S. Ct. 458, 178 L. Ed. 2d 287 (2010) .................................................. 11, 12

*Cloverleaf Standardbred Owners Ass'n, Inc. v. National Bank of Washington*, 699 F.2d 1274 (D.C. Cir. 1983) ..................................................................... 27

*Conboy v. AT&T Corp.*, 241 F.3d 242 (2d Cir. 2001) ........................................... 18

*Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150 (2016)........... 24

*Eames v. Nationwide Mut. Ins. Co.*, 412 F. Supp. 2d 431 (D. Del. 2006)............. 14

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938)........7

*Fairbanks v. Superior Court*, 46 Cal. 4th 56, 92 Cal. Rptr. 3d 279, 205 P.3d 201(2009) ................................................................................................ 19

*Gomez v. Resurgent Capital Servs., LP*, 129 F. Supp. 3d 147 (S.D.N.Y. 2015).... 17

*Graybill v. Wells Fargo Bank, N.A.*, 953 F. Supp. 2d 1091 (N.D. Cal. 2013) ....... 21

*Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030 (C.D. Cal. 2015)..... 19

*Harris v. United States*, 686 F. App'x. 895 (Fed. Cir. 2017) ...................................7

*Hyjurick v. Commonwealth Land Title Ins. Co.*, No. 3:11CV1282, 2012 WL 1463633 (M.D. Pa. Apr. 27, 2012) .................................................................. 31

*Jamison v. Bank of America, N.A.*, 194 F. Supp. 3d 1022 (E.D. Cal. 2016) .......... 19

*Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil Inc.*, 456 F. Supp. 831 (D. Del. 1978)....................................................................................... 28

*Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-01206, 2014 WL 3809173 (D.N.J. July 31, 2014) ............................................................... 29

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) ................................... 23

iii

*Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127 (E.D. Cal. 2013) ...................... 22

*Landstar Express Am., Inc. v. Federal Maritime Comm'n*, 569 F.3d 493 (D.C. Cir. 2009) ........................................................................... 8

*Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800 (2d Cir. 1971) ................... 8

*Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 30 Cal. Rptr. 3d 210 (2005) ........................................................................................ 23

*Mazonas v. Nationstar Mortg., LLC*, No. 16-00660, 2016 WL 2344196 (N.D. Cal. May 4, 2016) ................................................................. 19

*Mendez v. Bank of America Home Loans Servicing, LP*, 840 F. Supp. 2d 639 (E.D.N.Y. 2012) .............................................................................. 18

*McCullough v. PNC Bank, Inc.*, 298 F.3d 1217 (11th Cir. 2002) ......................... 12

*National Union Fire Ins. Co. of Pittsburgh PA v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246 (4th Cir. 2000) ..................................... 27

*Norman Gershman's Things To Wear, Inc. v. Mercedes-Benz of N. Am., Inc.*, 558 A.2d 1066 (Del. Super. Ct. 1090) ............................................. 14

*Owens-Benniefield v. Nationstar Mortg., LLC*, No. 17-CV-540, 2017 WL 2600866 (M.D. Fla. June 15, 2017) ............................................... 25

*Parola v. Citibank (South Dakota) N.A.*, 894 F. Supp. 2d 188 (D. Conn. 2012) ............................................................................................. 9

*Pearson v. Component Tech. Corp.*, 247 F.3d 471 (3d Cir. 2001), *cert. denied*, 534 U.S. 950, 122 S. Ct. 345, 151 L. Ed. 2d 261 (2001) .............. 30, 31

*Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512 (S.D.N.Y. 2003) ................. 16

*Perez v. Monster, Inc.*, 149 F. Supp. 3d 1176 (N.D. Cal. 2016) ........................... 20

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S. Ct. 2965, 86 L. Ed. 2d 628 (1985) ............................................................................... 16

*Precision Pine & Timber, Inc. v. United States*, 596 F.3d 817 (Fed. Cir. 2010), *cert. denied*, 562 U.S. 1178, 131 S. Ct. 997, 178 L. Ed. 2d 826 (2011) .......... 10

*Publicker Indus., Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065 (3d Cir. 1979) ................................................................................................ 30

*Rey-Willis v. Citibank, N.A.*, No. 03 CIV 2006, 2004 WL 315267 (S.D.N.Y. Feb. 18, 2004) ................................................................. 16

*In re Rockefeller Ctr. Props., Inc. Secs. Litig.*, 311 F.3d 198 (3d Cir. 2002) ........ 15

*Rodriguez v. Ocwen Fin. Corp.*, No. 17-cv-60574, 2017 WL 3593972 (S.D. Fla. Aug. 21, 2017) ................................................................. 25

*Schwartz v. Lights of Am.*, No. 11-1712, 2012 WL 4497398 (C.D. Cal. Aug. 31, 2012) ................................................................. 15

*Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855 (2d Cir. 1985) ........ 8

*Smith v. Commonwealth Nat'l Bank*, 384 Pa. Super. 65, 557 A.2d 775 (1989), *appeal denied*, 524 Pa. 610, 569 A.2d 1369 (1990) ............................... 7

*Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518 (D. Conn. 1991) ...................................................................................... 28

*Trent v. Mortgage Electronic Registration Sys., Inc.*, 618 F. Supp. 2d 1356 (M.D. Fla. 2007), *aff'd*, 288 F. App'x 571 (11th Cir. 2008) .......................... 25

*United States v. Bestfoods*, 524 U.S. 51, 118 S. Ct. 1876, 141 L. Ed. 2d 43 (1998) ...................................................................................... 30

*United States v. Gorski*, No. 11-4252, 2012 WL 12886823 (C.D. Cal. Mar. 22, 2012) .......................................................................... 12

*Williams v. National Sch. of Health Tech., Inc.*, 836 F. Supp. 273 (E.D. Pa. 1993), *aff'd*, 37 F.3d 1491 (3d Cir. 1994)......................................... 17

*Worldspan, L.P. v. Ultimate Living Grp., LLC*, 390 F. Supp. 2d 412 (D. Del. 2005) ....................................................................... 14

v

# STATUTES

20 U.S.C. § 1070 *et seq.* ....................................................................1

20 U.S.C. § 1082(a)(1) .......................................................................2

20 U.S.C. § 1082(m)(1)(D)(i) .............................................................7

20 U.S.C. § 1087a *et seq.*..................................................................2

20 U.S.C. § 1087e(d) ..........................................................................2

20 U.S.C. § 1087e(e) ..........................................................................2

20 U.S.C. § 1098g ..................................................................11, 12, 13

28 U.S.C. § 1332(d)(2) ........................................................................5

34 C.F.R. § 682.205 ............................................................................2

34 C.F.R. § 682.205(a)(3) ..................................................................28

34 C.F.R. § 682.205(a)(4) ..................................................................28

34 C.F.R. § 682.205(a)(5) ..................................................................28

34 C.F.R. § 682.205(b) .......................................................................28

34 C.F.R. § 682.205(d) .......................................................................28

34 C.F.R. § 682.205(e) .......................................................................28

34 C.F.R. § 682.209 ....................................................................2, 3, 4

34 C.F.R. § 682.210 .......................................................................2, 4

34 C.F.R. § 682.211 .......................................................................2, 4

34 C.F.R. § 682.215 ....................................................................2, 3, 4

34 C.F.R. § 685.204 .................................................................4

34 C.F.R. § 685.205 .................................................................4

34 C.F.R. § 685.206 .................................................................4

34 C.F.R. § 685.207 .............................................................. 2, 4

34 C.F.R. § 685.208 .................................................................2

34 C.F.R. § 685.209 .............................................................. 2, 4

34 C.F.R. § 685.210 .................................................................2

34 C.F.R. § 685.210(a) ........................................................... 29

34 C.F.R. § 685.221 .......................................................... 2, 3, 4

Cal. Bus. & Prof. Code § 17200 *et seq.* ........................ 6, 21, 22, 23

Cal. Civ. Code § 1750 *et seq.* .....................................................6

Cal. Civ. Code § 1770(a) ........................................................ 19

Cal. Civ. Code § 1770(a)(7) .................................................... 20

Cal. Civ. Code § 1780(d) ........................................................ 21

Cal. Civ. Code § 1782(a) ........................................................ 21

6 Del. C. §§ 2511 *et seq.* ..........................................................6

6 Del. C. § 2511(6) ................................................................ 13

6 Del. C. § 2513(a) ................................................................ 13

6 Del. C. § 2525(a) ................................................................ 15

Fla. Stat. § 501.201 *et seq.* ........................................................ 6

Fla. Stat. § 501.203(8) ............................................................ 25

Fla. Stat. § 501.204(1) ............................................................ 24

NY GBL § 349 .................................................... 6, 16, 17, 18

NY GBL § 349(d) ................................................................ 17

Fed. R. Civ. P. 8(a) .............................................................. 29

Fed. R. Civ. P. 8(a)(2) .......................................................... 6

Fed. R. Civ. P. 9(b) ........................................ 14, 15, 16, 17, 23

Fed. R. Civ. P. 12(b) ............................................................ 5

Fed. R. Civ. P. 12(b)(6) ........................................................ 6

Fed. R. Civ. P. 19(a)(1)(B) .................................................. 27

Fed. R. Civ. P. 19(a)(1)(B)(i) .............................................. 27

Fed. R. Civ. P. 19(a)(1)(B)(ii) ............................................. 28

L.R. 7.8(a) ........................................................................... 8

# INTRODUCTION

Plaintiffs' second effort to manufacture a consumer class action fares no better than the first attempt. Like its predecessor, the Amended Complaint fails to state a right to relief under any legal theory. Plaintiffs fail to state a claim for breach of contract because none of the Defendants are parties to the contract that is alleged to have been breached and because the promise that they claim was breached is not in the contract. They fail to allege a plausible claim under state consumer protection statutes because the Higher Education Act ("HEA"), 20 U.S.C. § 1070 *et seq.*, expressly preempts improper disclosure claims based on state law and because the plain terms of those consumer protection statutes do not apply to loan servicers. Plaintiffs' Amended Complaint should be recognized for what it is—a futile effort to piggyback on the vigorously contested regulatory enforcement action filed by the Consumer Financial Protection Bureau in this Court—and it should be dismissed pursuant to the Supreme Court's directive that defective pleadings "should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007) (citations and internal quotation marks omitted).

# FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiffs in this action—Olga Demyanenko-Todd, Kimberly Force and Melissa Miller—borrowed funds to finance their college education or, in the case of Ms. Force, her daughter's education. The loans to Ms. Todd and Ms. Force were direct loans from the U.S. Department of Education ("ED") made pursuant to the William D. Ford Federal Direct Loan Program, *see* 20 U.S.C. § 1087a *et seq.* (Am. Compl. (ECF No. 26) ¶¶ 21, 26.) Ms. Miller's student loan was from a private lender and was insured by the federal government through the Federal Family Education Loan ("FFEL") program.[1] (*Id.* ¶ 35.) Both loan programs were established under the HEA. The HEA codifies borrowers' repayment options and grants ED Secretary ("Secretary") broad authority to prescribe eligibility criteria for those plans. *See, e.g.,* 20 U.S.C. § 1082(a)(1), § 1087e(d), (e). As with other matters relating to student loans, required disclosures, repayment periods, repayment options, limitations on those options and payment deadlines are governed by regulations promulgated by the Secretary pursuant to the authority conferred by the HEA. *See, e.g.,* 34 C.F.R. §§ 682.205, 682.209, 682.210, 682.211, 682.215, 685.207, 685.208, 685.209, 685.210, 685.221.

---

[1] As a result of the Heath Care and Education Reconciliation Act of 2010, no FFELP loans were made after July 1, 2010.

Ms. Todd alleges that she is a citizen and resident of New York. (Am. Compl. ¶ 17.) She alleges that, on August 31, 2010, she executed a Master Promissory Note ("MPN"), a form developed by ED which sets forth repayment obligations. (*Id.* ¶¶ 21, 102; *see also id.*, Ex. A.) Ms. Todd's MPN, which is attached to the Complaint as Exhibit A, describes the various repayment options available to borrowers under the HEA, but importantly does not include any promise or commitment that Ms. Todd would be enrolled in any particular repayment plan. Ms. Todd alleges that she was afforded several repayment options when she became obligated to begin making payments in 2011, including a standard repayment plan, a graduated repayment plan, an extended repayment plan, an income contingent repayment plan and an income-based repayment plan. (*Id.* ¶ 23.) She alleges that she was placed into the standard repayment plan. (*Id.* ¶ 103.) She alleges that she was unable to find steady employment after graduation and could not make the required monthly payments on her loans. (*Id.* ¶¶ 104-05.) She claims that she was never provided with an opportunity to enter into an income-driven repayment ("IDR") plan[2] and instead was "pushed" into forbearances. (*Id.*

---

[2] In general terms, IDR plans adjust borrowers' payments based on income. IDR plans include the Revised Pay as You Earn Repayment Plan ("REPAYE"), the Pay As You Earn Repayment Plan ("PAYE"), the Income-Based Repayment Plan ("IBR") and the Income-Contingent Repayment Plan ("ICR"). *See* 34 C.F.R. §§ 682.209, 682.215, 685.209, 685.221. The precise terms of each income-based repayment plan, borrower eligibility requirements and the loans to which each plan applies are established by the Secretary and set forth in regulations promulgated

¶¶ 105-06.) Contrary to her allegations, however, the payment history attached to the Amended Complaint confirms that Ms. Todd was in an "Income-Based Repayment" plan. (*Id.*, Ex. D.)

Ms. Force alleges that she is a resident of California. (*Id.* ¶ 25.) She alleges that she took out several student loans through the Federal Direct PLUS program to assist her daughter to pay for college. (*Id.* ¶ 26.) She alleges that she executed an MPN on October 13, 2010. (*Id.* ¶ 27.) Ms. Force's MPN, which is attached to the Amended Complaint as Exhibit B, details available repayment plans. With respect to income-contingent or income-based repayment plans, the MPN that Ms. Force signed expressly states that "Direct PLUS Loan borrowers may not repay their loans under these plans." (*See id.*, Ex. B, p. 7.) Ms. Force alleges that her Federal Direct PLUS Loans entered repayment on May 18, 2011, and were placed into the standard repayment plan. (*Id.* ¶ 110.) She claims that, despite her difficulty in making the required loan payments, she was never offered an opportunity to participate in an IDR plan. (*Id.* ¶ 112.) She alleges that she was instead "pushed" into multiple forbearances. (*Id.* ¶ 113.)

---

pursuant to the HEA. *See, e.g.,* 34 C.F.R. §§ 682.209, 682.215, 685.209, 685.221. Forbearance, deferment and other options relating to repayment are also governed by regulations promulgated under the HEA. *See* 34 C.F.R. §§ 682.210, 682.211, 685.204, 685.205. 685.206, 685.207.

Ms. Miller alleges that she is a resident of Florida. (*Id.* ¶ 33.) She alleges that she obtained numerous student loans pursuant to the FFEL program to finance her education. (*Id.* ¶¶ 34-35.) She avers that she was placed in the standard repayment plan when her loans entered repayment in 2008. (*Id.* ¶ 116.) She likewise asserts that, despite having difficulty making the required monthly payments, she was never offered information regarding IDR plans. (*Id.* ¶ 118.) She alleges that she was instead "pushed" into forbearances. (*Id.* ¶ 119.)

On May 1, 2017, Ms. Todd commenced this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), on behalf of herself and other borrowers who were allegedly harmed as a result of the servicing of their loans. The named defendants are: Navient Solutions, LLC ("NSL"), the entity that serviced her student loans; its predecessor, Navient Solutions, Inc.; and Navient Corporation, the parent of NSL. (Am. Compl. ¶¶ 44-45.) On July 17, 2017, Defendants moved to dismiss the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure

On August 21, 2017, Ms. Todd, Ms. Force and Ms. Miller filed an Amended Complaint against the same Defendants. (ECF No. 26.) The Amended Complaint asserts the following claims:

| Count | ¶¶ | Claim Asserted | On Behalf Of |
|---|---|---|---|
| I | 134-40 | Breach of Contract | All Plaintiffs and Nationwide Class |
| II | 141-60 | Delaware Consumer Fraud Act (DCFA), 6 Del. C. § 2511 *et seq.* | Plaintiffs Todd and Miller and Delaware Sub-Class |
| III | 161-71 | New York General Business Law § 349, N.Y. Gen. Bus. Law § 349 | Plaintiff Todd and New York Sub-Class |
| IV | 172-82 | California Consumers Legal Remedies Act (CLRA), Cal Civ. Code § 1750 *et seq.* | Plaintiff Force and California Sub-Class |
| V | 183-96 | California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.* | Plaintiff Force and California Sub-Class |
| VI | 197-217 | Florida Deceptive & Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 *et seq.* | Plaintiff Miller and Florida Sub-Class |

# **ARGUMENT**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal under Rule 12(b)(6), a complaint must set forth facts that raise a plausible inference that the defendant inflicted a legally cognizable harm upon the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1965-66, 167 L. Ed. 2d 929 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *see also Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. Rather, to survive

a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974; *see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Plaintiffs' Amended Complaint fails to satisfy these basic pleading requirements and should be dismissed.

## I.     Count I Fails To State a Claim for Breach of Contract.

In Count I, Plaintiffs allege that Defendants breached the MPN by "steer[ing]" them "into costly forbearance programs" and "fail[ing] to present them with more appropriate IDR plan options." (Am. Compl. ¶ 137.) This claim necessarily fails for several reasons.

Plaintiffs fail to state a claim against any Defendant for breach of the MPN for the simple reason that none of the Defendants are parties to the MPN. The MPN is a form document developed by ED which is required to be used when applying for student loans. *See* 20 U.S.C. § 1082(m)(1)(D)(i). It does not mention or purport to bind any Navient entity or any loan servicer for that matter. Because Defendants are not parties to the MPN, they cannot be held liable for any alleged breach of its terms.[3] *See Harris v. United States*, 686 F. App'x 895, 900 (Fed. Cir.

---

[3] Because the basis for CAFA jurisdiction alleged in this case is diversity, the forum state's choice of law rules apply. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938). In Pennsylvania, courts generally honor the intent of the contracting parties by enforcing choice of law provisions. *Smith v. Commonwealth Nat'l Bank*, 384 Pa. Super. 65, 68, 557 A.2d 775, 777 (1989), *appeal denied*, 524 Pa. 610, 569 A.2d 1369 (1990). The MPN dictates that "[t]he

2017) (plaintiff must allege existence of contract between himself and government to state claim for breach of contract under federal law).[4]  Plaintiffs try to overcome this defect by asserting that Navient was an agent of ED, (*see, e.g.*, Am. Compl. ¶ 137), but an agent of a disclosed principal is not liable for breach of a contract between his principal and a third party.  *See, e.g., Landstar Express Am., Inc. v. Federal Maritime Comm'n*, 569 F.3d 493, 497 (D.C. Cir. 2009); *Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855, 860 (2d Cir. 1985); *Leather's Best, Inc. v. S.S. Mormaclynx*, 451 F.2d 800, 808 (2d Cir. 1971).  Therefore, Plaintiffs fail to state a claim against Defendants for breach of the MPN.

Count I is also defective because it fails to point to any specific term or provision in the MPN that was allegedly breached.  Plaintiffs assert that it was a breach of the MPN to "fail[] to present . . . more appropriate IDR plan options," (Am. Compl. ¶ 137), but there is no provision in the MPN that entitles them to any particular repayment plan or a particular form of notice concerning available repayment plans.  Instead, the MPN itemizes repayment options available under the HEA and states that a borrower may choose one of those plans, may request an

---

terms and conditions of loans made under this MPN are determined by the [HEA] and other applicable federal laws and regulations." (Am. Compl., Ex A., p. 4, ¶ 2; Ex. B, p. 5, ¶ 2.).  Therefore, federal law applies.

[4]  Pursuant to Local Rule 7.8(a), the unpublished decisions cited herein are reproduced in the attached Appendix.

alternate plan due to exceptional circumstances and may change repayment plans, all subject to the HEA and regulations promulgated under the HEA. (*See* Am. Compl., Ex. A, pp. 2, 4, 6; Ex. B., pp. 2, 7.) Absent a promise of enrollment in a particular plan, Count I fails to state a claim for breach of the MPN. *See Parola v. Citibank (South Dakota) N.A.*, 894 F. Supp. 2d 188, 199 (D. Conn. 2012) (granting motion to dismiss on claim for breach of MPN based on failure to enroll plaintiff in IDR plan because there was no provision in MPN "which would impose upon [lender] the duty to take it upon itself to review [plaintiff]'s loan, evaluate her eligibility for various borrower classifications and advise her of her options, much less the most beneficial option as [plaintiff] alleges [lender] failed to do").[5]

No doubt recognizing that the terms of the MPN do not support their contract theory, Plaintiffs argue in the alternative that failure to enroll borrowers in IDR was a breach of the covenant of good faith and fair dealing. (Am. Compl. ¶ 140.) This claim necessarily fails as well. It is elemental that the implied covenant does not apply in the absence of a contract between the parties and here there was never a contract between any Plaintiff and any Defendant. Moreover, the implied

---

[5] The District of Connecticut also recognized in *Parola* that, because there is no private right of action under the HEA, a borrower cannot pursue a contract claim alleging failure to comply with the MPN which referenced the HEA. *Parola*, 894 F. Supp. 2d at 196-99.

covenant cannot add a substantive term to a contract and therefore cannot impose a duty to provide additional disclosures or different forms of notice not specified in the MPN. *See Precision Pine & Timber, Inc. v. United States*, 596 F.3d 817, 830 (Fed. Cir. 2010) ("The implied duty of good faith and fair dealing cannot expand a party's contractual duties beyond those in the express contract . . . ."), *cert. denied*, 562 U.S. 1178, 131 S. Ct. 997, 178 L. Ed. 2d 826 (2011). This alternative theory of liability should likewise be dismissed.

Because Plaintiffs fail to assert any plausible claim for breach of contract, Count I should be dismissed.[6]

## II.  The State Law Claims in Counts II-VI Are Preempted by the HEA.

In Counts II-VI, Plaintiffs allege that Defendants violated the Delaware, New York, California and Florida consumer protection laws by purportedly failing to disclose material facts concerning the availability of IDR plans. (Am. Compl. ¶¶ 141-217.) Those claims should be dismissed because they are preempted by the HEA which states that "[l]oans made, insured, or guaranteed

---

[6]  Ms. Force's breach of contract claim fails for another reason:  her MPN expressly states that IDR is not available. (*See* Am. Compl., Ex. B, p. 7.) Because she borrowed funds for her daughter under a Direct PLUS Loan, she was not eligible to participate in IDR. (*Id.*) She fails, therefore, to state a claim for relief under the breach of contract theory advanced in the Amended Complaint.

pursuant to a program authorized by Title IV of the [HEA] . . . shall not be subject to any disclosure requirements of any State law." 20 U.S.C. § 1098g.

The Ninth Circuit addressed similar improper disclosure claims in *Chae v. SLM Corp.*, 593 F.3d 936 (9th Cir. 2010), *cert. denied*, 562 U.S. 961, 131 S. Ct. 458, 178 L. Ed. 2d 287 (2010), and concluded that they were expressly preempted by 20 U.S.C. § 1098g. The plaintiffs in *Chae* were student loan borrowers who claimed that their loan servicer, Sallie Mae, failed to properly disclose the interest rate calculation method in billing statements and coupon books in violation of the same California consumer protection laws that form the basis for Counts IV and V of the Amended Complaint in this case, the Consumers Legal Remedies Act ("CLRA") and the Unfair Competition Law ("UCL"). *Id.* at 940-41. The Ninth Circuit concluded that the plaintiffs' challenges to the language used by Sallie Mae in the billing statements and coupon books were "improper-disclosure claims" and therefore subject to express preemption under 20 U.S.C. § 1098g. *Id.* at 942-43. The Court explained that "the state-law prohibition on misrepresenting a business practice is merely the converse of a state-law requirement that alternate disclosures be made" and therefore the CLRA and UCL claims challenging the language used by Sallie Mae were preempted. *Id.* at 943.

The state claims asserted by Plaintiffs under Delaware, New York, California and Florida law are likewise subject to express preemption. Each of

these claims is premised on an alleged failure to disclose repayment options. *See, e.g.*, Am. Compl. ¶¶ 145(b) (Navient "[f]ail[ed] to disclose to borrowers struggling to make their payments that the federal government offers income-driven repayment plans to help borrowers avoid default."); ¶ 164 (Navient "failed to disclose and actively concealed the availability of more cost-effective income-driven repayment plans from federal student loan borrowers."); ¶ 177(b) (Navient "[f]ailed to disclose to borrowers struggling to make their payments that the federal government offers income-driven repayment plans to help borrowers avoid default."); ¶ 187 ("Navient knowingly concealed, suppressed and/or omitted material facts regarding the availability of IDR. . . ."); ¶ 202 ("Navient knowingly concealed, suppressed and/or omitted material facts regarding the availability of IDR. . . ."). Because each count challenges the adequacy of communications with borrowers concerning repayment options, they are all improper disclosure claims and they are therefore expressly preempted by 20 U.S.C. § 1098g. *See Chae*, 593 F.3d at 942-43 936; *McCullough v. PNC Bank, Inc.*, 298 F.3d 1217, 1226 (11th Cir. 2002) (affirming district court decision which stated: "Congress specifically intended for the HEA to preempt any State disclosure requirements relating to loans under the federal guaranteed student loan program.") (interpreting predecessor to 20 U.S.C. § 1098g); *United States v. Gorski*, No. 11-4252, 2012 WL 12886823, at *7 (C.D. Cal. Mar. 22, 2012) (dismissing CLRA and UCL

claims asserted against government in connection with student loans because HEA "expressly preempts state law disclosure requirements related to student loans").

Because the claims in Counts II-VI seek to recover under state law for alleged failure to adequately disclose repayment options, they fall squarely within the preemption provision in 20 U.S.C. § 1098g and should be dismissed.

## III. Plaintiffs Fail To State Any Claim for Relief Under State Law.

Even if Plaintiffs' state law claims were not preempted by the HEA—and they are—they should nonetheless be dismissed because they fail to state a plausible right to relief.

### A. Count II fails to state a claim under the Delaware Consumer Fraud Act ("DCFA").

Ms. Todd and Ms. Miller allege in Count II that Defendants violated the DCFA by failing to disclose IDR options. (Am. Compl. ¶¶141-60.) Their claim fails for three reasons.

First, the Delaware statute does not apply to loan servicing or loan servicers. The DCFA provides a private right of action where a defendant engages in deceptive conduct "in connection with the sale, lease or advertisement of any merchandise" which is defined as "any objects, wares, goods, commodities, intangibles, real estate or services." 6 Del. C. § 2511(6), 2513(a). The Amended

Complaint does not allege that any Defendant sold, leased or advertised any merchandise to any Plaintiff and therefore the DCFA does not apply to them. *See generally Worldspan, L.P. v. Ultimate Living Grp., LLC*, 390 F. Supp. 2d 412, 414-15 (D. Del. 2005) ("[DCFA] provides remedies for violations of the 'vertical' relationship between a consumer and a seller of services. . . ."). In addition, any communications between Navient and borrowers occurred *after* the loan funds were distributed and therefore those communications cannot form the basis for a claim under the DCFA. *See Norman Gershman's Things To Wear, Inc. v. Mercedes-Benz of N. Am., Inc.*, 558 A.2d 1066, 1074 (Del. Super. Ct. 1989) ("[T]he clear language of the statute . . . restricts its application to deceptive practices 'in connection with the sale or advertisement' of the merchandise" and therefore "post-sale representations which are not connected to the sale or advertisement of the [merchandise] do not constitute consumer fraud under the Act."). Thus, the DCFA by its plain terms does not apply.

Second, Plaintiffs fail to plead their DCFA claim with the particularity required by Rule 9(b). *See Eames v. Nationwide Mut. Ins. Co.*, 412 F. Supp. 2d 431, 438 (D. Del. 2006) (Rule 9(b) applies to claims under DCFA). Ms. Todd and Ms. Miller allege generally that they spoke with Sallie Mae and/or Navient representatives "[o]n several occasions" about their difficulty in making their loan payments and that they were "pushed . . . into multiple, costly forbearances," (Am.

Compl. ¶¶ 105-06, 118-19), but they do not identify the date of any conversation, the person or persons to whom they spoke, the content of any alleged misrepresentation or the nature of any reliance on any misrepresentation. They fail therefore to satisfy Rule 9(b). *See In re Rockefeller Ctr. Props., Inc. Secs. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002) ("Rule 9(b) requires, at a minimum, that plaintiffs support their allegations of . . . fraud with all of the essential factual background that would accompany the first paragraph of any newspaper story— that is, the who, what, when, where and how of the events at issue.") (citations and internal quotation marks omitted).

Third, Count III should be dismissed because claims under the DCFA may only "be brought in any court of competent jurisdiction in *this State* . . . ." 6 Del. C. § 2525(a) (emphasis added). There is no basis to bring a claim under the DCFA in this Court because it is not a Delaware court. *See Schwartz v. Lights of Am.*, No. 11-1712, 2012 WL 4497398, at *5 (C.D. Cal. Aug. 31, 2012) ("Delaware[ ] limit[s] private actions to transactions that occurred in the state, and require[s] that the suit be brought in a court within the state."). This, too, compels dismissal of Count II.

For any of these reasons, Plaintiffs fail to state a claim under the DCFA and Count II should be dismissed.[7]

## B. Count III fails to state a claim under New York General Business Law § 349 ("NY GBL § 349").

In Count III, Ms. Todd purports to assert a claim under NY GBL § 349 based on the same alleged failure to disclose available IDR plans. (Am. Compl. ¶¶ 161-71.) This claim also fails for several reasons.

As a threshold matter, Ms. Todd fails to plead her § 349 claim with the specificity required by Rule 9(b). *See Rey-Willis v. Citibank, N.A.*, No. 03 CIV 2006, 2004 WL 315267, at *1 (S.D.N.Y. Feb. 18, 2004) ("a § 349 claim must be pled in accordance with Rule 9(b)"); *Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512, 526 (S.D.N.Y. 2003) (same). The Amended Complaint is replete with general allegations about Defendants' business practices, but, as noted above, it

---

[7] In connection with the DCFA claim in Count II, Plaintiffs Todd and Miller seek to represent a purported "Delaware Sub-Class" consisting of borrowers from Colorado, Connecticut, Delaware, New York, Florida, Illinois, Massachusetts, Minnesota, New Jersey and Washington. (Am. Compl. ¶¶ 121, 142.) While analysis of the many impediments to class certification would be premature at this stage of the proceeding, it is important to highlight that the DCFA cannot be invoked by class members outside Delaware such as Ms. Todd and Ms. Miller whose own state consumer fraud statutes conflict with the DCFA and who lack significant contacts with Delaware. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 822, 105 S. Ct. 2965, 2979, 86 L. Ed. 2d 628 (1985).

lacks specific facts relating to Ms. Todd's alleged communications with loan servicing representatives. Count III should be dismissed for this reason alone.[8]

Even if Ms. Todd were able to satisfy Rule 9(b), she would not be entitled to relief under § 349 because communications with borrowers are the subject of regulations issued by ED and the Amended Complaint does not allege any violation of those regulations. N.Y. G.B.L. § 349(d) (compliance with applicable federal regulations is complete defense to claim under § 349). Moreover, Ms. Todd cannot bring a claim under § 349 for alleged abusive practices in connection with collection of her loans because there is no private right of action for such conduct under directly applicable federal or New York state law. There is no private cause of action under the HEA. *See Williams v. National Sch. of Health Tech., Inc.*, 836 F. Supp. 273, 280 (E.D. Pa. 1993), *aff'd*, 37 F.3d 1491 (3d Cir. 1994). Similarly, there is a specific statute in New York that governs debt collection but that statute does not provide a private right of action. *See Gomez v. Resurgent Capital Servs., LP*, 129 F. Supp. 3d 147, 158-59 (S.D.N.Y. 2015). It is well settled that a plaintiff cannot circumvent the lack of a private right of action

---

[8] The need for this basic information is underscored given the inconsistencies in Todd's allegations. *Compare* Am. Compl. ¶ 105 ("Not once during any of Todd's phone conversations with Navient representatives, did they offer information regarding available income-driven repayment plans . . .") *with* Am. Compl., Ex. D (documenting participation in "Income-Based Repayment" plan).

for violation of a federal or state law by recasting her allegations as a claim under §

349. *See Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199 (2d Cir. 2005);

*Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001).

Moreover, Ms. Todd fails to allege facts which plausibly suggest that

she was misled in any material way as required to state a claim under § 349.

*Conboy*, 241 F.3d at 258 ("a Section 349 violation requires a defendant to mislead

the plaintiff in some material way"); *Mendez v. Bank of America Home Loans*

*Servicing, LP*, 840 F. Supp. 2d 639, 659 (E.D.N.Y. 2012) (dismissing claim under

§ 349 where plaintiff failed to allege facts supporting inference that deceptive acts

were misleading in material way). The payment history attached to the Amended

Complaint confirms that Ms. Todd was enrolled in an IDR plan. (Am. Compl., Ex.

D.) In these circumstances, Ms. Todd fails to allege specific facts which plausibly

suggest detrimental reliance on a material misrepresentation concerning

availability of IDR and this failure also compels dismissal of Count III.

For any of these reasons, Count III fails to state a claim for relief

under § 349 and should be dismissed.

**C. Count IV fails to state a claim under the California Consumers Legal Remedies Act ("CLRA").**

In Count IV, Ms. Force purports to assert a claim under the CLRA for alleged failure to disclose available repayment options. (Am. Compl. ¶¶ 172-82.) She fails to state a claim for relief under the CLRA for at least three reasons.

First, the CLRA applies only to "transaction[s] intended to result or that result[] in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). By its plain terms, the statute has no application to loan servicers because they do not sell or lease or offer to sell or lease any goods or services to consumers. *See, e.g.*, *Jamison v. Bank of America, N.A.*, 194 F. Supp. 3d 1022, 1032 (E.D. Cal. 2016) ("mortgage services do not fall within the coverage of the CLRA"); *Mazonas v. Nationstar Mortg., LLC*, No. 16-00660, 2016 WL 2344196, at **3-4 (N.D. Cal. May 4, 2016) (same); *Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1054-55 (C.D. Cal. 2015) (dismissing CLRA claims against mortgage loan servicer and mortgagee because "mortgage loan is not a good or service as those terms are defined in the CLRA"); *Alborzian v. JPMorgan Chase Bank, N.A.*, 235 Cal. App. 4th 29, 39-40, 185 Cal. Rptr. 3d 84, 93 (2015) (debt collection efforts do not involve "goods or services" for purposes of CLRA); *see also Fairbanks v. Superior Court*, 46 Cal. 4th 56, 92 Cal. Rptr. 3d 279, 205 P.3d 201 (2009) (life insurance is not covered by CLRA because it is not a "good" or

"service" as defined by CLRA notwithstanding related customer services provided by seller of life insurance).

Second, Ms. Force fails to allege facts which plausibly suggest that any Defendant "[r]epresent[ed] that goods or services are of a particular standard, quality, or grade, . . . if they are of another," as required to state a claim under Cal. Civ. Code § 1770(a)(7). The conduct alleged as the basis for the CLRA claim in Count IV—failure to disclose IDR payment options and offering forbearance to borrowers who are better suited for IDR, (Am. Compl. ¶ 177)—cannot fairly be understood as misrepresentations concerning the "standard, quality, or grade" of "goods or services." *See Perez v. Monster, Inc.*, 149 F. Supp. 3d 1176, 1182 (N.D. Cal. 2016) (§ 1770(a)(7) requires allegation that product sold does not have qualities advertised). Indeed, there is no mention of the standard, quality or grade of goods or services anywhere in the Amended Complaint. Ms. Force fails therefore to state a claim for relief under § 1770(a)(7).

Third, Ms. Force's CLRA claim fails because she suffered no injury as a result of any alleged failure to offer an IDR plan. The MPN that Ms. Force signed makes clear that Direct PLUS Loan borrowers like Ms. Force are categorically *ineligible* for income-based repayment. *See* Am. Compl., Ex. B, p. 7 ("Direct PLUS Loan borrowers may not repay their loans under these plans"); *see also ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 n.8 (3d Cir. 1994) (written

instrument annexed to pleading controls when there is disparity between pleading and instrument). Since the MPN rendered Ms. Force ineligible for IDR, failure to enroll her in IDR is not actionable under the CLRA. *See Graybill v. Wells Fargo Bank, N.A.*, 953 F. Supp. 2d 1091, 1107 (N.D. Cal. 2013).

For these reasons, Count IV fails to assert a claim under the CLRA and should be dismissed.[9]

### D. Count V fails to state a claim under the California Unfair Competition Law ("UCL").

In Count V, Ms. Force purports to assert a claim on behalf of herself and the California Sub-Class for alleged violation of the UCL which makes actionable any "any unlawful, unfair or fraudulent business act or practice . . . ." Cal. Bus. & Prof. Code § 17200. Ms. Force does not separately address each

---

[9] Ms. Force fails to allege compliance with Cal. Civ. Code § 1780(d) which requires her to file an affidavit demonstrating that this action was commenced in a proper forum. Failure to file the required affidavit compels dismissal of this action without prejudice. Cal. Civ. Code § 1780(d); *see also In Re Apple & AT&T iPad Unlimited Data Plan Litig.*, 802 F. Supp. 2d 1070, 1077 (N.D. Cal. 2011). She also failed to comply with Cal. Civ. Code § 1782(a) which provides that a plaintiff may not assert a claim for damages under CLRA unless she gives the defendant 30 days advance notice of the nature of her claim. Cal. Civ. Code § 1782(a). The Amended Complaint filed on August 21, 2017 alleges that "Plaintiff Force and members of the Sub-Class have suffered actual damages and/or injury in fact" as a result of the purported violations of the CLRA. (Am. Compl. ¶ 181.) The Amended Complaint was filed just three days after Ms. Force sent the notice in violation of Cal. Civ. Code § 1782(a). (*Id.* at p. 66 n.79.)

prong of § 17200, but rather alleges generally that it was a violation of all three prongs to fail to disclose material facts concerning the availability of IDR plans. (Am. Compl. ¶ 187.) Her allegations are insufficient as a matter of law to state a claim for relief under any prong.

A business practice is "unlawful" within the meaning of the UCL if it is "forbidden by law." *Blank v. Kirwan*, 39 Cal. 3d 311, 329, 216 Cal. Rptr. 718, 703 P.2d 58 (1985) (citation omitted). Ms. Force fails to point to any federal or state law that forbids the particular conduct alleged in the Amended Complaint and therefore fails to state a claim under the "unlawful" prong of the UCL. *See, e.g.,* *Khan v. CitiMortgage, Inc.*, 975 F. Supp. 2d 1127, 1145-46 (E.D. Cal. 2013).

"Unfair" practices under § 17200 constitute "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cal-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 187, 973 P.2d 527, 544, 83 Cal. Rptr. 2d 548, 566 (1999); *see also Byars v. SCME Mortg. Bankers, Inc.*, 109 Cal. App. 4th 1134, 1147, 135 Cal. Rptr. 2d 796 (2003). Ms. Force alleges no such conduct in the Amended Complaint. Nor can she. The MPN that she signed expressly states that she was not eligible to participate in an IDR plan because Parent PLUS Loans are not eligible for such plans. (Am. Compl., Ex. B.)

22

Adherence to this contract term cannot in any way be characterized as an incipient antitrust violation or any comparable violation so as to constitute an "unfair" practice within the meaning of § 17200.

Where a plaintiff alleges that a defendant engaged in "fraudulent" conduct in violation of the UCL, the fraudulent conduct must be alleged with particularity in accordance with Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s heightened pleadings standards apply to claims for violations of the CLRA and UCL"). Ms. Force's UCL claim lacks the specificity required by Rule 9(b). She alleges that she spoke with Sallie Mae and Navient representatives "[o]n several occasions" concerning her difficulty in making monthly payments, (Am. Compl. ¶ 112), but she fails to identify the dates of the calls, who she spoke with, what she was told about available repayment plans or the representation or representations that she relied upon in selecting forbearance. Her failure to plead the averments of fraud with particularity requires dismissal of her claim for relief under the "fraudulent" prong of § 17200.

Accordingly, Ms. Force fails to allege a plausible violation of any of the three prongs in § 17200 and Count V should be dismissed for this reason. Her claim also fails because she does not allege facts suggesting a right to equitable relief, the only remedy available to private plaintiffs under the UCL. *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 452, 30 Cal. Rptr. 3d 210, 219 (2005) ("it

is well established that individuals may not recover damages" under UCL) (citation and internal quotation marks omitted). She alleges that she repaid more under the standard repayment plan than she would have under an IDR plan and lost an interest subsidy, (Am. Compl. ¶ 194), but she does not claim that Defendants obtained any alleged overpayment and therefore she fails to state a claim for restitution under the UCL. *See Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1324 (C.D. Cal. 2013) ("To show that she is entitled to restitution, a plaintiff must demonstrate that the defendant is in possession of money or property taken from her."); *Daniels v. Select Portfolio Servicing, Inc.*, 246 Cal. App. 4th 1150, 1187 (2016) (dismissing UCL claim against loan servicer where plaintiff failed to allege that servicer obtained penalties and fees in connection with loan modification application).

**E.    Count VI fails to state a claim under the Florida Deceptive & Unfair Trade Practices Act ("FDUTPA").**

In Count VI, Ms. Miller purports to assert a claim on behalf of herself and the Florida Sub-Class for alleged violations of the FDUTPA. (Am. Compl. ¶¶ 197-217.) The statute, however, does not apply to loan servicers.

FDUTPA declares that "unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful. Fla. Stat. § 501.204(1). "Trade or commerce" is defined as "the advertising, soliciting, providing, offering, or

distributing, whether by sale, rental, or otherwise, of any good or service, or any

property, whether tangible or intangible, or any other article, commodity, or thing

of value, wherever situated." Fla. Stat. § 501.203(8). Loan servicing is not "trade

or commerce" under the FDUTPA. *See, e.g., Rodriguez v. Ocwen Fin. Corp.*, No.

17-cv-60574, 2017 WL 3593972, at *6 (S.D. Fla. Aug. 21, 2017) ("a loan

servicer's handling of a loss mitigation application . . . does not involve the loan

servicer 'advertising, soliciting, providing, offering, or distributing' anything to

borrowers" and therefore failure to provide a loan modification is not within scope

of FDUTPA); *Owens-Benniefield v. Nationstar Mortg., LLC*, No. 17-CV-540,

2017 WL 2600866, at *15 (M.D. Fla. June 15, 2017) (dismissing FDUTPA claim

against mortgage loan servicer because servicing activities did not constitute "trade

or commerce" within statutory definition); *Blake v. Seterus, Inc.*, No. 16-21225,

2017 WL 543223, at *2 (S.D. Fla. Feb. 9, 2017) ("Courts have thus repeatedly

found that the 'trade and commerce' requirement is often not met in cases dealing

with borrowers alleging FDUTPA claims against their mortgage servicers.")

(citations and internal quotation marks omitted); *Benjamin v. Citimortgage, Inc.*,

No. 12-62291, 2013 WL 1891284, at *5 (S.D. Fla. May 6, 2013) ("loan servicer

did not 'advertise, solicit, provide, offer or distribute' anything to the plaintiffs"

and therefore "the defendant's servicing of the [plaintiffs'] mortgage did not fall

within the purview of trade or commerce" in the FDUTPA); *Trent v. Mortgage*

*Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1365 n.12 (M.D. Fla. 2007) (finding loan servicer did not "advertise, solicit, provide, offer or distribute" anything to plaintiffs and therefore "trade or commerce" requirement was not met in action against loan servicer under FDUTPA), *aff'd*, 288 F. App'x 571 (11th Cir. 2008).

Because the FDUTPA does not apply to loan servicers, Count VI should be dismissed.

\* \* \* \* \*

Plaintiffs fail to state any claim for relief under Delaware, New York, California or Florida state law and therefore Counts II-VI should be dismissed.

## IV.     ED Is a Necessary and Indispensable Party.

The claims in the Amended Complaint necessarily implicate the interests of ED and expose NSL to a risk of inconsistent obligations and, as a result, ED is a necessary and indispensable party.

Rule 19 of the Federal Rules of Civil Procedure provides, in relevant part, that a party must be joined if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of

incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). Both prongs of Rule 19(a)(1)(B) are satisfied here.

Joinder is necessary under Rule 19(a)(1)(B)(i) because proceeding in the absence of ED will impair ED's ability to protect its own interests. The breach of contract claim in Count I is premised on Plaintiffs' contention that borrowers are entitled under the MPN to be presented with "appropriate IDR plan options" and the opportunity to enroll in such plans. (Am. Compl. ¶¶ 137-38.) Resolution of this claim requires interpretation of the MPN and thus necessarily impacts ED. Any construction of the MPN that requires additional services to borrowers will affect the contractual relationships between ED and other borrowers who signed the MPN and between ED and other loan servicers. Additionally, a construction that requires loan counseling services to borrowers may affect the fees to be paid to Navient and other servicers in the future by ED. (*See* Am. Compl., Ex. B, p. 13 of 20, ¶ 5 ("For all other costs, the Department and the contractor(s) may come to an agreement via change order process or negotiation, as necessary.").) ED is thus a necessary and indispensable party that must be joined. *See, e.g., National Union Fire Ins. Co. of Pittsburgh PA v. Rite Aid of South Carolina, Inc.*, 210 F.3d 246, 251-52 (4th Cir. 2000) (contracting party has direct interest in action seeking declaration of rights under contract); *Cloverleaf Standardbred Owners Ass'n, Inc.*

*v. National Bank of Washington*, 699 F.2d 1274, 1279-80 (D.C. Cir. 1983) (breach of contract action properly dismissed where party to contract not able to be joined); *AAA Life Ins. Co. v. Kneavel*, No. 1:10-CV-00158, 2012 WL 895953, at *3 (M.D. Pa. Mar. 15, 2012) ("[I]n breach-of-contract actions, all parties to the contract should be joined."); *Travelers Indem. Co. v. Household Int'l, Inc.*, 775 F. Supp. 518, 527 (D. Conn. 1991) ("[P]recedent supports the proposition that a contracting party is the paradigm of an indispensable party."); *Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil Inc.*, 456 F. Supp. 831, 836 n.7 (D. Del. 1978) ("where rights sued upon arise from a contract, all parties to the contract must be joined").

Joinder is also required under Rule 19(a)(1)(B)(ii). NSL may be exposed to inconsistent obligations to ED and to the putative classes if the MPN is interpreted as requiring services or notices different than the services and notices required by the regulations promulgated by ED and/or its contract with ED. *See, e.g.*, 34 C.F.R. § 682.205(a)(3) (Required disclosures during repayment.); 34 C.F.R. § 682.205(a)(4) (Required disclosures for borrowers having difficulty making payments.); 34 C.F.R. § 682.205(a)(5) (Required disclosures for borrowers who are 60-days delinquent in making payments on a loan.); 34 C.F.R. § 682.205(b) (Exception to disclosure requirement.); 34 C.F.R. § 682.205(d) (Method of disclosure.); 34 C.F.R. § 682.205(e) (Notice of availability of income-

sensitive and income-based repayment options.); 34 C.F.R. § 685.210(a) (Initial selection of a repayment plan.).

As ED is a necessary and indispensable party, Plaintiffs should be compelled to join ED or this action should be dismissed.

## V.     Navient Solutions, Inc. Is Not a Proper Party.

Plaintiffs allege in the Amended Complaint that Navient Solutions, Inc. is the predecessor to NSL.  Specifically, they assert that, "[i]n connection with an internal corporate reorganization, [Navient Solutions, Inc.] recently changed its name, effective January 31, 2017, to [NSL]. . . ." (Am. Compl. ¶ 45.)  Because NSL is admittedly the successor to Navient Solutions, Inc., Navient Solutions, Inc. should be dismissed as a party.

## VI.    Navient Corporation Is Not a Proper Party.

Plaintiffs seek to hold Navient Corporation liable as the corporate parent of NSL.  (Am. Compl. ¶¶ 43, 45.)[10]  They fail, however, to allege any basis for piercing the corporate veil.

---

[10]  Plaintiffs refer to the defendants collectively as "Navient" or "Defendants" throughout the Amended Complaint without distinguishing which defendant is alleged to have committed which alleged acts.  Such "group pleading" is insufficient under Rule 8(a).  *See, e.g., Japhet v. Francis E. Parker Mem'l Home, Inc.*, No. 14-01206, 2014 WL 3809173, at *2 (D.N.J. July 31, 2014) ("group

"It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S. Ct. 1876, 1884, 141 L. Ed. 2d 43 (1998). Mere ownership of a subsidiary does not justify the imposition of liability on the parent. *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001), *cert. denied*, 534 U.S. 950, 122 S. Ct. 345, 151 L. Ed. 2d 261 (2001). Nor is a parent liable merely because directors of the parent also serve as directors of the subsidiary. *Id.* The corporate veil may be pierced only where the corporate form has been abused. *See Publicker Indus., Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1069 (3d Cir. 1979). In deciding whether to allow a veil piercing claim to proceed, courts consider the following factors:

> gross undercapitalization, failure to observe corporate formalities, nonpayment of dividends, insolvency of debtor corporation, siphoning of funds from the debtor corporation by the dominant stockholder, nonfunctioning of officers and directors, absence of corporate records, and whether the corporation is merely a façade for the operations of the dominant stockholder.

*Pearson*, 247 F.3d at 484-85.

---

pleading . . . undermines the notice pleading regime of Rule 8" and "is anathema to contemporary pleading standards").

In the Amended Complaint, Plaintiffs allege circumstances that are typical of the control exercised by a corporate parent incident to ownership —for example, common directors and officers, (Am. Compl. ¶ 46), use of similar names, (*id.* ¶ 47), consolidated financial reporting, (*id.* ¶ 49), and general oversight, (*id.* ¶¶ 51-52)—but they do not allege any of the *Pearson* factors. There are no allegations at all suggesting that the corporate form was disregarded or abused. There is thus no basis to hold Navient Corporation liable under a veil piercing theory and Navient Corporation should be dismissed as a party. *See Hyjurick v. Commonwealth Land Title Ins. Co.*, No. 3:11CV1282, 2012 WL 1463633, at *5 (M.D. Pa. Apr. 27, 2012) (dismissing claims against parent where plaintiff failed to allege facts sufficient to justify piercing the corporate veil); *18 KT.TV, LLC v. Entest Biomedical, Inc.*, No. 3:11-CV-244, 2011 WL 5374515, at **8-9 (M.D. Pa. Nov. 7, 2011) (dismissing claim against parent where "plaintiff's pleadings fail to contain the quantum of facts necessary to give rise to the reasonable presumption that piercing the corporate veil is appropriate").

## CONCLUSION

For these reasons, the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).

Respectfully submitted,

/s/ Donna A. Walsh
Daniel T. Brier
Donna A. Walsh

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Attorneys for Defendants,
Navient Corporation, Navient
Solutions, Inc. and Navient Solutions,
LLC

Dated: September 20, 2017

## CERTIFICATE OF COMPLIANCE
## WITH LOCAL RULE 7.8(b)(3)

I, Donna A. Walsh, hereby certify that the foregoing Memorandum of Law in Support of Defendants' Motion to Dismiss is in compliance with Local Rule 7.8(b)(3) and the July 12, 2017 Order of Court (Doc. No. 19). The brief contains 7604 words as computed by Microsoft Office Word.


/s/ Donna A. Walsh

Date: September 20, 2017

# CERTIFICATE OF SERVICE

I, Donna A. Walsh, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion To Dismiss Amended Complaint was served upon the following counsel of record via the Court's ECF system on this 20th day of September, 2017:

Robert D. Schaub, Esquire
Rosenn Jenkins & Greenwald, LLP
15 South Franklin Street
Wilkes-Barre, PA 18711

Joseph H. Meltzer, Esquire
Edward W. Ciolko, Esquire
Geoffrey C. Jarvis, Esquire
Meredith L. Lambert, Esquire
Zachary Arbitman, Esquire
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA   19087

/s/ Donna A. Walsh
Donna A. Walsh