

KESSLERTOPAZ
MELTZERCHECK LLP
ATTORNEYS AT LAW

E-Mail: GJarvis@ktmc.com
*Please reply to the Radnor Office*

July 20, 2018

**VIA ELECTRONIC FILING**

The Honorable Robert D. Mariani
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Building & U.S. Courthouse
235 North Washington Avenue
Scranton, PA 18503

**Re: *Demyanenko-Todd, et al. v. Navient Corp, et al.*, No. 3:17-cv-00772 (M.D. Pa.)**

Dear Judge Mariani:

Plaintiffs Olga Demyanenko-Todd, Kimberly Force, and Melissa Miller (collectively, "Plaintiffs") respectfully request a teleconference concerning a discovery dispute in the above-captioned matter.

Plaintiffs issued their First Request for the Production of Documents to Defendants ("First Requests") on October 11, 2017. Plaintiffs' First Requests included three straightforward requests seeking information and data already produced to the CFPB, Illinois Attorney General, and Washington Attorney General in parallel investigations and enforcement actions. On November 10, 2017, Navient responded to Plaintiffs' First Requests with Responses and Objections, but failed to produce responsive documents. On that same day, Navient filed a Motion to Stay Discovery pending rulings on their Motions to Dismiss and to Strike or Preclude Class Action Allegations—which the Court denied on December 4, 2017. *See* ECF 55.

After the Court's denial of Navient's Motion to Stay, Plaintiffs' counsel scheduled a meet and confer with Navient to address their deficiencies in responding to Plaintiffs' First Requests. Plaintiffs contended that Navient's wholesale objections to their First Requests were inappropriate; nonetheless, Navient stood on those Objections. In light of this impasse, however, the parties negotiated a compromise wherein Plaintiffs would issue a Second Request for the Production of Documents to all Defendants ("Second Requests") that would be scripted in a manner that would allow Navient to cull responsive information from prior productions to various government agencies and to also begin searching, compiling, and producing additional responsive information not otherwise produced. In exchange, Plaintiffs would refrain from immediately moving to compel data and information responsive to their First Requests. Navient further agreed to move expeditiously in their harvesting and production of responsive data and information. In this spirit, Plaintiffs served their Second Requests on December 22, 2017.

280 King of Prussia Road, Radnor, Pennsylvania 19087 T. 610-667-7706 F. 610-667-7056 info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104 T. 415-400-3000 F. 415-400-3001 info@ktmc.com
WWW.KTMC.COM



On January 22, 2018, Navient served Responses and Objections to Plaintiffs' Second Requests with no production of data whatsoever—despite previous reassurances that such productions would arrive in a timely fashion. Since then, Navient has engaged in a protracted campaign comprised of dragging out the negotiation of basic items, such as search terms and custodians; finally making commitments to produce plainly responsive data by dates certain; and later reversing course and producing limited to no information. Indeed, over the last few months, Navient has made few substantial productions, while each of the three named Plaintiffs have produced a significant amount of documents and sat for their respective depositions. Moreover, between January and May 2018, the parties engaged in numerous telephonic meet and confer conferences and exchanged more than 10 discovery-related letters, in an effort by Plaintiffs to obtain some sort of meaningful document production—largely to no avail.

In light of this Court's recent rulings in the parallel case brought by the CFPB, Plaintiffs attempted to take yet another tact to get Navient to comply with their discovery obligations. Without waiving their rights to additional data, and pending the parties' on-going ESI negotiations, Plaintiffs offered a compromise: that Navient produce all ESI relevant to their claims that has been, or will be, compiled and produced in the CFPB matter. *See* Exhibit A (email from defense counsel dated May 15, 2018). Following some discussion, Navient agreed and promised, on June 15, to produce such information no later than June 29. *See* Exhibit B (emails between counsel on June 1 and June 15).

After the agreed-upon deadline came and went with no production from Navient, Plaintiffs wrote defense counsel on July 3, and asked for a status on the promised production. *See* Exhibit C (email from plaintiffs' counsel dated July 3). Navient failed to provide a substantive response to Plaintiffs' email until July 11 and, only then, stated that their production has been delayed because they were now working to redact personal information from those documents. *See* Exhibit D (email from defense counsel dated July 11). In light of this, Plaintiffs requested a meet and confer teleconference, which the parties scheduled for July 17.

During the parties' July 17 call, defense counsel stated that, at this juncture, Navient remained unwilling to immediately produce any of the promised documents already produced in the CFPB lawsuit. Defense counsel further stated that Navient was unwilling to immediately produce approximately 75,000 documents because they needed to be redacted to prevent the disclosure of personal information. Also, defense counsel stated that Navient was unwilling to immediately produce roughly 25,000 additional documents due to some undefined logistical issues.

Plaintiffs sent to defendants an email recounting the substance of the July 17 conversation. *See* Exhibit E (email from plaintiffs' counsel dated July 17). Defendants responded and acknowledged the impasse. *See* Exhibit F (email from defense counsel dated July 18). They further acknowledged that they had agreed to produce the requested material by the end of June 2018, but had not done so. *Id.* They offered as an excuse for their delay the need to redact certain personal information that apparently was provided to the CFPB. *Id.*

Data produced in the CFPB litigation that is relevant to the claims at bar should have been produced long ago. Those documents and information are responsive to Plaintiffs' First and Second Requests and production would not be burdensome because that data has already been compiled and produced elsewhere. With respect to Navient's claims that some subset of documents is in need of redaction, such redactions are unnecessary in light of the protections provided by the Stipulated Confidentiality Agreement and Protective Order entered by the Court. *See* ECF 61. Further, any objection by Navient to the production of unredacted nonparty borrower information on the basis that it is protected by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* should be rejected in light of the statute's judicial process exception allowing covered institutions to produce such information to a non-affiliated third-party (*e.g.*, Plaintiffs) to comply with discovery requests. *See, e.g.*, *Marks v. Glob. Mortg. Grp., Inc.*, 218 F.R.D. 492, 495-97 (S.D. W. Va. 2003)

*   *   *

Given Plaintiffs' extensive attempts to meet and confer with Navient to resolve the above discovery disputes, and in line with this Court's interest in proceeding expeditiously with discovery, Plaintiffs respectfully request that the Court issue an order (i) permitting the disclosure and use of nonparty borrower information in light of the protections provided by the Stipulated Confidentiality Agreement and Protective Order entered by the Court, *see* ECF 61; (ii) requiring Defendants to produce the approximately 25,000 documents being withheld, due to purported logistical issues, by August 3, 2018; and (iii) requiring Defendants to produce the balance of all other information relevant to Plaintiffs' claims and which has been, or will be, compiled and produced in the parallel CFPB action by August 17, 2018.

Plaintiffs are available at the Court's convenience for a teleconference to address this discovery dispute.

Respectfully submitted,

Geoffrey C. Jarvis

cc: All counsel of record (via ECF)