

Chicago
New York
Washington, DC
London
San Francisco
Los Angeles
Singapore
vedderprice.com

Lisa M. Simonetti
Shareholder
+1 424 204 7738
lsimonetti@vedderprice.com

July 26, 2018

**VIA ELECTRONIC FILING**

The Honorable Robert D. Mariani
U.S. District Court, Middle District of Pennsylvania
William J. Nealon Federal Building & U.S. Courthouse
235 North Washington Avenue
Scranton, PA 18503

Re: <u>Demyanenko-Todd, et al. v. Navient Corp, et al.</u>,
No. 3:17-cv-00772 (M.D. Pa.)

Dear Judge Mariani:

Defendant Navient Solutions, LLC ("NSL") writes in response to plaintiffs' letter dated July 20, 2018 (Docket Entry 75, the "July 20 Letter").[1] NSL is not opposed to participating in the discovery teleconference requested by plaintiffs, although NSL does believe that plaintiffs have raised issues that do not warrant the Court's attention.

Indeed, despite spending several paragraphs detailing the discovery proceedings in this case, plaintiffs' letter boils down to one key point: They want NSL to immediately produce all documents that have been produced in the case pending before this Court as <u>Consumer Financial Protection Bureau v. Navient Corporation et al</u>, Case No. 3:17-cv-00101 (M.D. Pa.) (the "CFPB Action"). NSL sees no reason to rehash the history of the conversations between counsel, other than to note that NSL certainly did not "promise" to produce these documents by June 29, 2018. (July 20 Letter, p. 2). As reflected in the correspondence between counsel, NSL's counsel indicated that, as of June 15, 2018, we "anticipated" that documents would be produced within two weeks. (July 20 Letter, Exh. B). At that time, however, we were not aware that the documents produced in the CFPB Action had not been redacted for sensitive borrower information. As NSL has already explained to plaintiffs (<u>see</u> Exh. F to the July 20 Letter), the document set is comprised of more than 100,000 documents, approximately three-quarters of which contain unredacted and sensitive borrower information.

In any event, at this point, NSL has isolated more than 25,000 documents that contain no sensitive personal information. Accordingly, NSL is in the process of preparing those documents and will produce them as soon as possible, perhaps as early as the end of this week. Simply put, there is no dispute with respect to these documents and it is unclear why plaintiffs felt it was necessary to place them at issue in the July 20 Letter. (To the extent that plaintiffs contend in the July 20 Letter that NSL is "unwilling" to produce those documents, it is simply not true.)

The remaining documents contain sensitive borrower information that must be redacted before production, absent a Court order. NSL would appreciate the Court's input on this issue, as it may save

---

[1] Defendant Navient Corporation is a holding company that has no responsive documents to produce.

1925 Century Park East, Suite 1900 | Los Angeles, California 90067 | T +1 424 204 7700 | F +1 424 204 7702

Vedder Price P.C. is affiliated with Vedder Price LLP, which operates in England and Wales, Vedder Price (CA), LLP, which operates in California, and Vedder Price Pte. Ltd., which operates in Singapore.

the time and cost associated with redacting these and future documents. Barring an order from the Court, NSL is bound by its policies and the law to protect sensitive borrower information. NSL has explained this to plaintiffs, and it should come as no surprise that NSL's threshold for handing sensitive borrower information over to private third parties (i.e., plaintiffs and their counsel) is different than for providing it to a government agency. Borrowers have provided their personal information to NSL with the understanding that it will be protected and not shared with third parties without their permission (unless otherwise properly disclosed).

Accordingly, NSL has implemented policies and procedures regarding the disclosure of sensitive borrower information. For example, NSL's Online Consumer Information Privacy Policy (available at https://navient.com/about/legal/privacy-online/default.aspx), states that borrower information will not be shared other than as indicated in the Navient Privacy Notice (available at https://navient.com/about/legal/privacy/Navient-PrivacyNotice.aspx). Those notices do not provide for sharing with private parties and their counsel in litigation.

Further, these policies are consistent with governing federal law. Generally, under the Gramm-Leach-Bliley Act, 15 USCS § 6802(b) (the "GLBA"), "[a] financial institution may not disclose nonpublic personal information to a nonaffiliated third party" unless clear and conspicuous notice of the disclosure is made to the consumer, the consumer has an opportunity to object, and the consumer is given an explanation of how to object. While there are exceptions to this rule, none applies here. Plaintiffs have argued (in the July 20 Letter, but not in any communications with NSL) that Section 6802(e)(8) applies and provides an exception for "respond[ing] to judicial process." However, it is by no means clear that simply putting in place a protective order constitutes sufficient "judicial process" to protect consumer privacy rights under the GLBA. See, e.g., FDIC v. Credit Suisse First Boston Mortg. Sec. Corp., 2017 U.S. Dist. LEXIS 192766, *20 (S.D.N.Y. Oct. 27, 2017) (rejecting joint protective order and holding that, "[a]bsent binding authority and in light of the scarcity of caselaw concerning GLBA in general, and § 6802(e)(8) in particular, the [c]ourt is not convinced that its order approving [the protective order language] would constitute 'judicial process' for the purpose of discovery in the circumstance of this case").

Thus, to avoid any contention by borrowers that disclosure of their information violated NSL's privacy policies, the GLBA or any other provision of law protecting their privacy, NSL proposes to redact the sensitive personal information from the remaining set of approximately 79,000. Notably, such redaction would not prejudice plaintiffs' litigation position because the sensitive information itself has no bearing on the merits of plaintiffs' claims. NSL therefore stands ready to employ a team of individuals to redact these documents. However, plaintiffs' request that these documents be produced by August 17, 2018, is unreasonable, given the volume of documents to be redacted.

If the documents are not redacted, NSL does not believe that the Stipulated Confidentiality Agreement and Protective Order confers sufficient protection. The protective order certainly would suffice to keep the documents confidential and limit further transmission of the personal information after production. But the protective order is not a Court order requiring disclosure of this information and/or noting that NSL is permitted to disclose this information under the GLBA or other privacy laws. This is a matter of **disclosure**, not confidentiality. If the Court believes the documents should be produced in an unredacted form, NSL respectfully requests that the Court enter an order to that effect so it is clear that NSL's production is made in response to "judicial process."

Sincerely,

/s/ Lisa M. Simonetti

Lisa M. Simonetti

cc: All counsel of record (via ECF)