IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEMYANENKO-TODD,

    Plaintiff,

v.

NAVIENT CORPORATION, et al.,

    Defendants.

3:17-CV-772
(JUDGE MARIANI)

## ORDER

In a July 20, 2018 letter to the Court, (Doc. 75), counsel for Plaintiff advised the Court of a discovery dispute with respect to two categories of documents Defendants were "unwilling to immediately produce": (1) 75,000 documents containing borrowers' personal information related to loans administered by Defendants on behalf of Department of Education federal student loan programs, and (2) 25,000 additional documents where apparently no issue of personal information was involved. (*Id.* at 2). Counsel for Defendants responded in a July 26, 2018 letter to the Court, (Doc. 76), that the 25,000 additional documents did not contain sensitive personal information and would be produced to Plaintiff. (*Id.* at 1). However, with respect to the first category in dispute, the set of 75,000 documents containing personal information, counsel for Defendants raised an issue that challenged the propriety of production of the documents in an unredacted form absent an order from this Court, due to the requirements of the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6802(a), (b). (Doc. 76 at 2). Counsel for Defendants contended that "[i]f the

Court believes the documents should be produced in an unredacted form, [Defendants] respectfully request[] that the Court enter an order to that effect so that it is clear [Defendants'] production is made in response to 'judicial process.'" (*Id.*); *see also* 15 U.S.C. § 6802(e)(8) (providing an exception to prohibition on disclosure of nonpublic personal information held by a financial institution in order "to respond to judicial process").

Further, during the Court's September 18, 2018 telephone conference with the parties to discuss the discovery dispute, the parties confirmed that production of the set of 25,000 documents had been completed by Defendants and thus no longer presented a dispute. With respect to the set of 75,000 documents containing personal information, the parties agreed that the appropriate resolution of the dispute would be the issuance by this Court of an order directing that the set of 75,000 documents in question be produced in an unredacted form in accordance with the relevant GLBA exception to prohibition on disclosure of nonpublic personal information, 15 U.S.C. § 6802(e)(8), in that the parties agree that such an order constitutes "judicial process."

ACCORDINGLY, THIS __18th__ DAY OF SEPTEMBER, 2018, IT IS HEREBY ORDERED THAT:

1. Defendants shall produce the set of 75,000 documents containing personal information related to loans administered by Defendants on behalf of Department of Education federal student loan programs, (Doc. 75 at 2), in an unredacted form.

This Order for production is made pursuant to "judicial process," as stated in 15 U.S.C. § 6802(e)(8).

2. All subsequent requests for production of documents shall be undertaken in accordance with this Order, subject to the right of either party to present applications for modification of this Order on a showing of issues not reasonably encompassed within the terms of this Order.

Robert D. Mariani
United States District Judge